UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISTRICT COURT NO. 26-12405

HON DENISE PAIGE HOOD

IN RE:
    CHRISTOPHER D. WYMAN
         *Debtor(s),*

BANK CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____ \

MICHAEL E. TINDALL, pro se
Claimant
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
Direct Email: met@comcast.net

_____ \

### FRCP 12(h)(3) NOTICE/COMBINED MOTION AND BRIEF FOR ORDER OF DISPERSAL AND DISMISSAL DUE TO LACK OF SUBJECT MATTER JURISDICTION

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured lien ($72,719.17), See DE 468, Exhibit 4, P3, against the proceeds of the sale of Realty and See, DE 468, Exhibit 3, (DE 444) P 14 of 14, (hereinafter collectively "allowed secured claim"), and for this NOTICE/ MOTION pursuant to FRCP 12(h)(3) states:

1. On July 14, 2026, Claimant filed his MOTION TO WITHDRAW REFERENCE in the Bankruptcy Court below. BCDE 479

2. On July 15, 2026, this Court issued NOTICE OF RECEIPT of Claimant's motion and assignment to this Court. BCDE 480

1

3. FRCP 12(b) provides, in pertinent part, **"A motion making any of these defenses** [here lack of subject matter jurisdiction, FRCP 12(b) (1)] **shall be made before pleading if a further pleading is permitted."**

4. FRCP 12(h) (3) provides: **"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."**

5. This Court lacks subject matter jurisdiction ["**related to**" bankruptcy jurisdiction] over Bankruptcy Case No. 12-32264, for the reasons set forth in Claimant's MOTION, BCDE 479, all ATTACHED EXHIBITS, and, the RECORD and ORDERS described therein, all of which are hereby incorporated – in their entirety- by reference herein.

6. This Court also lacks subject matter jurisdiction over Bankruptcy Case No. 12-32264, for the additional reasons that:

   A. There is no Bankruptcy Estate subject to administration in a bankruptcy proceeding, and, none has existed since 2019. Any claimed input/response from Trustee is, therefore, MOOT. See, BCDE 467 attached.

   B. The named Trustee has no "standing" in this proceeding, under Article III of the US Constitution, as he lacks ANY personal stake; and, the nonexistent bankruptcy estate also lacks any "standing" or stake in this matter; all as fully set forth in BCDE 467 attached hereto and incorporated, in its entirety – by reference herein.

2

C. The named Trustee, personally, also has no "standing" in this matter, as all issues presented herein are MOOT, as also fully set forth in DE 467 attached.

7. Federal courts, whether sitting in first instance or as appellate courts, are independently obligated to consider [sua sponte if necessary] whether they have subject matter jurisdiction over a matter assigned to them. That determination is ALWAYS a threshold determination. Where no arduous inquiry is required, subject matter jurisdiction should be dealt with first to maintain efficiency in the federal court system.

8. Claimant maintains, pursuant to ED LR 7.1(f)(2) that no hearing on this NOTICE/MOTION is necessary as: (a) the applicable authorities in this [SIXTH] Circuit are controlling; and, (b) Trustee has no "standing" to appear or respond in this proceeding or to this motion under Article III of the Constitution. The jurisdictional inquiry is neither "arduous" nor even legitimately disputable.

9. In accordance with this Court's motion practice requirements," **No Duplicative Filing:** Filing users must not attach papers that are already part of the record." Therefore, BCDE 479 is not attached.

10. Claimant has sought concurrence in the relief requested in this NOTICE/MOTION on multiple occasions since 2019 to no avail.

Indeed, there exists a Bankruptcy Court Order, BCDE 212, already part of this record that clearly identifies the subject property [cash-lien proceeds] as property of Claimant's and proceeds of his lien. Trustee has consistently refused to comply with the subject Order and pay Claimant the proceeds.

WHEREFORE, Claimant gives NOTICE of this Court's lack of "related to" subject matter jurisdiction and Trustee's lack of "standing" to participate in this matter and requests this Court issue it's Order:

A. **DISMISSING** this action and the underlying Bankruptcy Case, NO. 12-32264;

B. **ORDERING** Trustee Samuel Sweet to immediately relinquish and pay all funds in his possession to Claimant, in immediately available funds, in partial payment of Claimant's secured lien;

C. GRANT such other and further relief as this Court deems appropriate.

4

## BRIEF IN SUPPORT OF NOTICE/MOTION UNDER FRCP 12(h) (3)

FACTS:

Claimant is a secured lienholder. Claimant's lien, as of January 1, 2026, is valued at $72,719.17.BCDE 468. By Order of the Bankruptcy Court below [SALE ORDER], this lien was transferred to the proceeds of Trustee's sale of realty. BCDE 212. The SALE ORDER expressly required Trustee to segregate the proceeds of the lien separate from all bankruptcy estate property. Trustee did not do this, and, clearly violated the SALE ORDER. BCDE 337, 343, 347, 426, 436, 444 and 466. The SALE ORDER became res judicata on March 28, 2019. *In re HNRC Dissolution Co.*, 585 BR 837 (6th Cir. BAP 2018), affd, 761 F. App'x 553 (6th Cir Jan. 24, 2019). Trustee took no action [absent res judicata] to challenge or dispute the lien under 11 USC 549, and, the statutory period for any such challenge expired August 23, 2020.

Rather than comply with BCDE 212 and pay Claimant's lien, Trustee converted approximately $32,000.00 to improperly pay post-petition property taxes, (a) for which NO proof of claim existed; (b) to a government taxing entity that did NOT appear in the bankruptcy, as an interested party; and, (c) could not be properly authorized for payment under 11 USC 724. Trustee did this pursuant to a VOID ORDER he knew was VOID and

invalid and could – legally – authorize NOTHING. Trustee has held the remaining $31,000.00 of secured lien proceeds since 2019, and, has refused to comply with BCDE 212 and pay those proceeds to Claimant. BCDE 337, 343, 347, 426, 436, 444, 466. These lien proceeds are, and since 2019 have been, the ONLY asset(s) held by Trustee.

ARGUMENT:

Federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute.[1] It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Federal subject-matter jurisdiction **"can never be waived or forfeited,"**[2] and **"courts are obligated to consider *sua sponte* whether they have such jurisdiction,"**[3] In this regard, Fed. R. Civ. P. 12(h) (3) provides that **"If the court determines at any time that it lacks subject-matter jurisdiction, the**

---

[1] *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

[2] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012),

[3] *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014); *Kusens v. Pascal Co., Inc.*, 448 F. 3d 349 (6th Cir. 2006)( **It is well-established that the federal courts are under an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990). Thus, the courts of appeals have an independent duty to satisfy themselves of their appellate jurisdiction before entertaining an appeal regardless of whether jurisdiction is challenged by the parties.)**

6

court **must** dismiss the action."[4]  A district court may, at any time, *sua sponte* dismiss for lack of subject matter jurisdiction.[5]  Challenges to a court's subject-matter jurisdiction that **"involve no arduous inquiry"** should be dealt with first to maintain efficiency in the federal court system.[6]

The absence of **"related to"** bankruptcy jurisdiction in this case is well established by binding SIXTH CIRCUIT authorities decided by the bankruptcy judge below [sitting as an appellate judge]. As more fully set forth in Claimant's MOTION TO WITHDRAW REFERENCE, *In re HNRC Dissolution Co.*, 585 BR 837 (6th Cir. BAP 2018), affd, 761 F. App'x 553 (6th Cir Jan. 24, 2019) clearly holds that BCDE 212 is binding on Trustee, under res judicata. *In re Bruner*, 561 BR 397, 404-405 (BAP 6th Cir 2017) clearly holds that Trustee may not now challenge Claimant's lien. BCDE 466 clearly shows there is NO bankruptcy estate; NO bankruptcy

---

[4] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) **(Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.");** *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) **("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").**
[5] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).
[6] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); **(Subject matter jurisdiction is "always a threshold determination.")** *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

assets or property; and, NO **"related to"** bankruptcy subject matter jurisdiction in this Court, or, the Bankruptcy Court below.

CONCLUSION:

This matter should be immediately dismissed, and, Trustee ordered to immediately pay the $31,000.00 lien proceeds to Claimant. Claimant should be granted leave to file a Complaint for conversion and Breach of Fiduciary Duty against Trustee for the dissipated $32,000.00 wrongfully paid, and, all related and permissible damages.

Respectfully Submitted,

/s/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 7/14/2026

8