UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN                    CASE NO. 12-32264

Debtor(s),                              CHAPTER 7
                                        HON: D. S. OPPERMAN

————————————————————\

## CLAIMANT'S RESPONSE TO DE 457

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured lien ($72,719.17), See Exhibit 4, P3, against the proceeds of the sale of Realty and ALL assets of the bankruptcy estate ($30,111.93), See, Exhibit 3, DE 444, P 14 of 14, (hereinafter collectively "allowed secured claim"), and in RESPONSE to DE 457 states:

### I.     BACKGROUND FACTS:

1. On December 11, 2025, Trustee Sweet filed DE 457.

2. On December 17, 2025, this Court entered DE 460 holding this matter in abeyance until 14 days after expiration of the appeal period to the US Supreme Court. Mandamus was denied May 4, 2026. See, Exhibit 5. Per SC Rule 44(2) the appeal period expires May 29, 2026, upon expiration of the period to file a Petition for Rehearing. Claimant has not and will not seek rehearing.

Page 1 of 11

3. On December 23, 2018, Claimant properly perfected and recorded his Attorney's Lien, in the amount of $53,910.00, against the real property commonly known as 1011 Jones Rd. See, Exhibit 1, DE 212, P2, Nos. B and C; DE 192-3, P2 of 13, Nos. 1, 2, 3.

4. The value of the real property, according to Sweet, was $65,000.00. See, Exhibit 3, DE 466, P1 of 11. Claimant is, therefore, entitled to both statutory interest and attorney fees.[1]

5. With statutory Michigan interest, through January 1, 2026, the "lien" amount is now $72,719.17. See, Exhibit 4. Reasonable attorney fees cannot be determined until this matter is resolved.

6. Sweet had actual knowledge of the existence and amount of Claimant's "lien" and filed same with this Court. DE 192-3.

7. On December 11, 2018, Sweet moved to sell the real property under Section 336(b) for $65,000.00. NOTABLY, SWEET did not object to, or, attempt to litigate the validity or amount of Claimant's "lien".[2] Sweet

---

[1] 11 USC 506(b); *United Sav. Ass'n of Tx. V. Timbers of Inwood Forest Associates, Ltd.*, 484 US 365, 372, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *In re Gross*, 568 BR 525, 529 (BC D. SC 2017).

[2] 11 USC 502; FRBP 3004 and 3012; *IN RE CAMBRIAN HOLDING COMPANY, INC.*, 110 F. 4th 889 (6th Cir 2024) (Courts have treated a bankruptcy court's order approving a sale of the debtor's property under § 363 as a "final" order. This treatment has meant that a disgruntled party can immediately appeal a sale order. 28 U.S.C. § 158(a) (1); *see* 1 Collier on Bankruptcy ¶ 5.08

affirmatively requested Claimant's "lien" be transferred to the proceeds of sale of the property, without reserving any challenge to the lien. DE 182, P1 of 6, No. 6; P2 of 6, No. 10.

8. This Court approved SWEET's AMENDED MOTION TO SELL on March 13, 2019,[3] and transferred Claimant's lien to the proceeds of sale, without any reservation. See, Exhibit 2, P2, B and C, (hereinafter "SALE ORDER").[4]

9. Sweet did not comply with the SALE ORDER requiring "**which liens, interests and encumbrances … shall be held separate from the assets of the Bankruptcy estate**".

10. The SALE ORDER was final and appealable when entered. Sweet did not appeal the SALE ORDER. The SALE ORDER became Res Judicata[5] and the law of this case [6] on March 28, 2019.[7]

---

(16th ed. 2023); And it has meant that a sale order can trigger the doctrines of issue and claim preclusion in other cases.)

[3] Case No. 12-32264, DE 212

[4] *Browning v. Levy*, 283 F.3d 761, 774-75 (6th Cir 2002) (General reservation of rights/claims not sufficient in Section 363 sale orders); *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458,463 (6th Cir 1991) (res judicata bars relitigation of issues that could have been raised at sale hearing but were not.)

[5] *Sanders Confectionery Prods. Inc. v. Heller Fin., Inc.*, 973 F.2d 474 (6th Cir. 1992).

[6] *Mustachio v. United States*, 577 US 237, 136 S.Ct. 709, 193 L.Ed. 2d 639 (2016)(The law-of-the-case doctrine generally provides that '"when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."' ); *Pepper v. United States*, 562 U.S. 476, 506, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).

11. A final Order for Relief [Discharge] entered in this matter on July 9, 2018. DE 179.

## II.    FACTS REGARDING DE 457:

12. FRBP 9013 requires a "Motion" state its grounds [legal and factual] with particularity. DE 457 recites no facts or law to meet the burden to establish Article III "standing"; to rebut Constitutional Mootness; to rebut preclusion; or, to support the erroneous presumption that any action taken toward the "fee" would impact the "lien". All these are required to vest this Court with subject matter jurisdiction to entertain or decide the merits of DE 457.

13. On December 11, 2025, Trustee Sweet (hereinafter "Sweet") filed DE 457 seeking: (1) modification of Claimant's attorney "fee" for acting as special counsel in this matter; and, (2) sanctions for an alleged fraud on

---

[7] FRBP 8002(a) (1); *Winget v. JP Morgan Chase Bank, NA*, 537 F. 3d 565 (6th Cir 2008); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S.Ct. 2195, 2205, 174 L.Ed.2d 99 (2009)( 'Once a bankruptcy court's order becomes final, the order is res judicata, even to claims that challenge the bankruptcy court's subject matter jurisdiction.); *In re HNRC Dissolution Co.*, 585 BR 837 (6th Cir BAP 2018), affd, 761 F. App'x 553 (6th Cir. Jan. 24, 2019). *In re Made in Detroit, Inc.*, 414 F.3d 576, 580–82 (6th Cir. 2005) (sale orders are final and cannot be modified or collaterally attacked); *In re Federated Dep't Stores, Inc.*, 328 F.3d 829, 832–33 (6th Cir. 2003) — sale orders are final judgments for res judicata purposes.

the court. DE 457 presumes, without authority, that Claimant's "fee" and "lien" are the same; that a modification of the "fee", somehow, reduces the established lien; that modification of the fee is NOT moot; and, in any event, that any challenge to the "fee" and to the "lien" is NOT precluded. None of these "presumptions" are accurate.

14. The amount of any attorney "fee" [unsecured administrative expense] is an "in personam" contractual debt. Once the existence of an attorney's "charging lien" is established, it is treated as a lien for all purposes under the Bankruptcy Code.[8] The amount of the "fee" becomes constitutionally moot, as it is Claimant's "lien", an "in rem" secured property interest - not the "fee" - that is secured by ALL remaining assets of the bankrupt estate, and must be fully paid BEFORE any unsecured administrative expenses. The amount of the "fee" does not impact the amount of the "lien".[9]

---

[8] *In re Simms Constr. Servs. Co. Inc.*, 311 BR 479, 488 (B.A.P. 6th Cir 2004); *In re Talbert*, 344 F.3d 555, 559 (6th Cir 2003) ("'allowed secured claim' refers to any claim that is first, allowed, and, second, secured."); *Pioneer Inv. Servs. Co. v. Bruswick Assocs.*, 507 US 380 (1993)(Failure to timely object to a "claim" under FRBP 3004 waives any objection)

[9] *Morgan v. K.C. Machine & Tool Co.*, 816 F.2d 238 (6th Cir. 1987). (When a sale order provides that liens transfer to the proceeds (rather than remaining on the property), that determination is binding. The liens now attach solely to the proceeds of the sale, and disputes about attachment to the property itself become moot. )

15. Any issue relative to Claimant's "fee" was made Constitutionally Moot by the final order of this Court, DE 212, dated March 13, 2019, transferring Claimant's "lien" to the proceeds of sale of the property ("SALE ORDER").[10] Modification of the SALE ORDER is precluded by Res Judicata.[11] DE 457 is an impermissible collateral attack on a final sale order that was not appealed.

16. DE 457 is also precluded by FRBP 7001(b), (g) and (h), and, 11 USC 549(a) and (d).

17. Under FRBP 7001, a (b) challenge to a lien; (g) proceeding to obtain equitable relief; and/or (h) proceeding to subordinate an allowed claim or interest; can ONLY be brought by an adversary proceeding – not by MOTION. DE 457 is, therefore, improper and this Court lacks subject matter jurisdiction to entertain it.

---

[10] *In re Kramer*, 71 F. 4th 428 (6th Cir. 2023) (Constitutional mootness implicates Article III because we only have jurisdiction to hear cases or controversies, and "[w]e do not have the power to adjudicate disputes that are moot." *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018)(A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

[11] *Autumn Wind Lending, LLC v. Est. of Siegel by & through Cecelia Fin. Mgmt., LLC*, 92 F.4th 630, 634 (6th Cir. 2024) "Pursuant to the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.")

18. 11 USC 549(d) requires that an action to avoid a post-petition transfer of property of the bankrupt estate [an attorney lien] must be brought within two (2) years after the date of transfer [August 23, 2018]; no later than August 23, 2020. DE 457 was filed five (5) years beyond this statutory limitation [December 11, 2025] and is precluded.

19. An attorney "lien" is an "equitable interest" in property [here real property].[12] Attorney liens survive and pass through bankruptcy.[13] Claimant's "lien" has priority over ALL administration expenses AND must be paid BEFORE Sweet receives anything.[14] Since Claimant's

---

[12] *Exact Software North America, Inc. v. DeMoisey*, 718 F.3d 535 (6ᵗʰ Cir 2013) (a lien on settlement funds implicates an equitable, not a legal, function.): *Wylie v. Coxe*, 56 US 415, 420, 15 How 415, 14 L.Ed. 753 (1854); *Barnes v. Alexander*, 232 US 117, 34 S.CT. 276, 58 L.ED. 530(1914); *Sereboff v. Mid Atl Med Servs.*, 547 US 356, 363-67, 126 S.Ct. 1869, 164 L.Ed. 2d 612 (2006).
[13] *Dewsnup v. Timm*, 502 US 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), *Johnson v. Home State Bank*, 501 US 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991); *Long v. Bullard*, 117 US 617, 620, 6 S.Ct. 917, 29 L.Ed. 1004 (1886).
[14] In *Czyzewski v. Jevic Holding Corp.*, 580 US 451, 137 S. Ct. 973, 979, 197 L. Ed. 2d 398 (2017), the Court stated:

> "The Code also sets forth a basic system of priority, which ordinarily determines the order in which the bankruptcy court will distribute assets of the estate. Secured creditors are highest on the priority list, for they must receive the proceeds of the collateral that secures their debts. 11 U.S.C. § 725 …
>
> The Code makes clear that distributions of assets in Chapter 7 liquidation must follow this prescribed order. §§ 725, 726."

Secured collateral may not be used to pay administrative expenses. *Hartford Und. Ins. Co. v. Union Planters Bank NA*, 530 US 1 (2000); *In re Ferncrest Partners*

"lien" far exceeds the assets of the bankrupt estate, Sweet has nothing to gain from DE 457 and, therefore, lacks Article III Constitutional Standing.

20. DE 457 also does NOT state any statutory, rule based, or factual basis for an award of sanctions.

21. DE 457 ignores the following: (a) any alleged "misconduct" occurred while Claimant acted as attorney/counsel for Sweet; (b) any alleged "misconduct", by the attorney, is imputed to Sweet, the client; (c) Sweet's sole remedy, as client, is a Michigan legal malpractice action, NOT sanctions against his own counsel; and, (d) Sweet admits he has paid no attorney fees to support a sanction award. DE 466.

22. Sweet's Motion fails to recite that, at the time of the alleged "inappropriate affidavit" Respondent was functioning as Sweet's attorney. An attorney's actions are chargeable to the client.[15] Therefore, any "sanctionable conduct" by Respondent is chargeable to Sweet.

---

*Ltd.*, 66 F.3d 778, 782-3 (6th Cir 1995); *In re Foremost Mfg. Co.*, 137 F.3d 919, 923-4 (6th Cir 1998). This basic priority applies to state law attorney liens. *In re Two Gales, Inc.*, 454 BR 427, 433- 436 (BAP 6th Cir 2011).
[15] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Pioneer Investment Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir.1986); *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002); *Yeschick v. Mineta*, 675 F. 3d

23. There is no case, in any circuit, where a **client** has sought or obtained sanctions against **his own counsel**. Mr. Sweet's sole remedy is a legal malpractice action under Michigan law.

24. As set forth below, sanctions –by statute, rule or implied- are limited to "compensatory" sanctions paid. Sweet has paid no attorney fees and, therefore does not qualify for "compensatory sanctions."

    A. Rule 11: FRBP 9011(c) (2) (B) expressly provides that a motion for sanctions must not be filed or presented to the court if the 21 day safe harbor provision is not met. Sweet has not complied with the safe harbor provision and no sanctions are permitted under Rule 11.[16]

    B. 28 USC 1927: § 1927 authorizes reimbursement for *excess amounts* actually and **reasonably incurred**.[17] Attorneys like Mr. Sweet, acting pro se and representing themselves, do not incur attorney fees.[18] Mr. Sweet has not paid or incurred any attorney fees at all. DE 466. He has no standing to request sanctions and this Court has no jurisdiction to award any.

---

622, 629 (6th Cir 2012); *Shapiro v. Abu-hamdan (In re Abu-hamdan)*, 558 B.R. 191, 193-94 (Bankr. E.D. Mich. 2016)

[16] *In re Blasingame*, 709 F. App'x 363, 369-70 (6th Cir. 2018) ("the bankruptcy court abused its discretion by granting [a party's] motion for sanctions under Rule 9011 where [the party seeking sanctions] failed to comply with the safe harbor provision"); *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (failure to comply with the safe harbor provision of Rule 11 of the Federal Rules of Civil Procedure results in denial of sanctions)"

[17] *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751-52 (6th Cir. 2010); *United States v. Ross*, 535 F.2d 346 (6th Cir. 1976).

[18] *Kay v. Ehrler*, 499 US 432 (1991) (affirmed denial of attorney fees to a **pro se** attorney); *Falcone v. IRS*, 714 F.2d 646 (6th Cir 1983), *cert den*, 466 US 908 (1984) (denied attorney fees to a **pro se attorney**).

C. Inherent Power Sanctions/Section 105(a). The Supreme Court has held that "a federal court's inherent authority to sanction a litigant for bad-faith conduct is limited to compensatory sanctions in the amount of the attorney fees the innocent party incurred solely because of the misconduct."[19] Since Sweet (I) did not represent himself at the time of the alleged misconduct; (2) was represented by Claimant at the time the alleged misconduct occurred, and has paid no fees to Claimant; and, (3) thereafter, acted pro se and has incurred/paid no attorney fees; he has no Article III standing to seek sanctions. No compensatory fees having been paid, this Court has no jurisdiction to award them, and, none are permitted.

25. Sweet also requests "punitive sanctions": "to sanction Mr. Tindall at an amount in excess of the fees approved". DE 457, P2, No. 12. Punitive sanctions are not available, as a matter of law, and may not be awarded.[20]

## IV. CONCLUSION

DE 457 is not properly before this Court and this Court lacks subject matter jurisdiction to entertain it.

DE 457 is barred by FRBP 7001(b), (g) and (h) and this Court lacks subject matter jurisdiction to entertain it.

DE 457 is precluded by USC 509(a) and (d) and this Court lacks subject matter jurisdiction to entertain it.

---

[19] *In re Bavelis*, 743 F. App'x 670, 675 (6th Cir. 2018); *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S.101, 137 S. Ct. 1178, 1183-84, 197 L.Ed.2d 585 (2017)).The complaining party ... may recover 'only the portion of his fees that he would not have paid but for' the misconduct. *Wesco Ins. Co. v. Roderick Linton Belfance*, LLP, 39 F. 4th 326 (6th Cir 2022). Punitive sanctions are expressly prohibited. *Goodyear* at 1186.

[20] Id.

DE 457 is Constitutionally Moot, and, Sweet lacks Article III [Constitutional Standing] as he has nothing to gain [no valid interest] in DE 457.

DE 457 is precluded by Res Judicata and is an improper collateral attack against the final SALE ORDER.

Sweet has paid no attorney fees and has no claim for sanctions. Under 11 USC 506, Sweet must personally pay Claimant's attorney fees.

Respectfully Submitted,

Dated: 5/18/26

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248) 250-8819
met@comcast.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

\

CASE NO. 12-32264
CHAPTER 7

## CERTIFICATE OF SERVICE
(Modified for PEDUP)

Appellant, in pro per, hereby certifies that

### CLAIMANT'S RESPONSE TO DE 457

was submitted for filing through the PEDUP program on 5/18/26 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 5/18/26

**IN RE CHRISTOPHER D. WYMAN**   **CASE NO: 12-32264**

Debtor(s)

# EXHIBIT NO: 1

13

2018R-022732
**RECORDED ON**
**08/23/2018 02:35:20 PM**
**BRANDON DENBY**
**REGISTER OF DEEDS**
**LIVINGSTON COUNTY, MI  48843**
**RECORDING: 26.00**
**REMON: 4.00**
**PAGES: 13**

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE:
**CHRISTOPHER D. WYMAN**
    *Debtor(s).*

CASE NO. 12-32264
**CHAPTER 7**
HON: D. S. OPPERMAN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record herein at their respective addresses on the record on _____, 2018

___ US MAIL,  ___ E-FILE/MAIL
___ FAX  ___ DELIVERY

MICHAEL E. TINDALL

### NOTICE OF CLAIM OF INTEREST

Please take notice that MICHAEL E. TINDALL, acting in pro per as sole successor in interest to TINDALL LAW, claims the below listed and described interest(s) in the real property commonly known as 1011 East Jones Rd., Township of Cohoctah, County of Livingston, State of Michigan, Tax Id No. 02-24-300-007, more fully described in attached Exhibit 1, and any and all proceeds of or from the sale of such real property by Trustee Samuel D. Sweet, bankruptcy trustee in Chapter 7 Case No. 12-32264-dof, In re CHRISTOPHER D. WYMAN, DEBTOR, pursuant to that certain agreement of sale dated June 14, 2018 and approved by Order of sale dated July 5, 2018.



1

1.  Fifty (50%) percent ($15,500.00) of all proceeds ($32,000.00) of a certain Judgment entered April 24, 2012 in favor of Barbara Duggan by the 53rd District Court and perfected by Judgment Lien dated May 3, 2012 and recorded at 2012R-015343, Livingston County Records.

2.  Thirty Three (33%) ($21,710.00) of the sale price of the property ($65,000.00) by the Bankruptcy Trustee, pursuant to paragraph 3 of the Agreement attached as Exhibit 2 and the Order approving same attached as Exhibit 3.

3.  Thirty Three (33%) ($16,700.00) of the value ($50,000.00) of certain equipment to be transferred and included in the July 14, 2018, under paragraph 5 of Addendum 1 thereof, pursuant to paragraph 3 of the Agreement attached as Exhibit 2 and the Order approving same attached as Exhibit 3.

Actual and constructive notice of the interest(s) claimed herein is hereby given to all concerned parties and to SELECT TITLE CO. of Brighton MI, on this date.

Respectfully Submitted,

MICHAEL E. TINDALL
Successor to TINDALL LAW
18530 Mack Ave. Ste 430
Detroit, MI  48236
(248) 250-8819
Direct Email: met@comcast.net

Dated: 8/23/18

2

DRAFTED BY *A Return to.*
MICHAEL E. TINDALL
Successor in Interest to TINDALL LAW
18830 MACK AVE, STE 430
DETROIT, MI   48236
(248) 250-8819
Direct Email: met@comcast.net

State of Michigan
County of Livingston
Subscribed - sworn this 23rd day of August 2018.

Katie Clark
Notary Public
Livingston County, Michigan
Comm Expires  10-1-24
Acting in Livingston County, Michigan

3

# EXHIBIT NO: 1

Livingston County Register of Deeds.  2018R-022732

*Exhibit 1*

The following described premises situated in the Township of Cohoctah, Livingston County, and State of Michigan, to-wit:

Part of the Southwest 1/4 of Section 24, Town 4 North, Range 4 East, and part of the Northwest 1/4 of Section 25, Town 4 North, Range 4 East, more particularly described as follows: Commencing at the Southwest corner of said Section 24; thence North 03 degrees 45 minutes 10 seconds West 1304.88 feet (previously recorded as North 00 degrees 45 minutes 00 seconds West 1299.53 feet); thence along the centerline of Jones Road (66 feet wide Right of Way), North 88 degrees 04 minutes 34 seconds East 193.17 feet (previously recorded as South 88 degrees 29 minutes 00 seconds East 194.00 feet) to the Point of Beginning of the parcel to be described; thence continuing along said line North 88 degrees 04 minutes 34 seconds East (previously recorded as South 88 degrees 29 minutes 00 seconds West) 331.21 feet; thence South 01 degree 55 minutes 26 seconds East 1304.84 feet; thence South 88 degrees 10 minutes 34 seconds West 331.21 feet; thence North 01 degree 55 minutes 26 seconds West 1304.98 feet to the Point of Beginning, subject to the rights of the public over the existing Jones Road. Also subject to any other easements or restriction of record.

-More commonly known as: 1011 E Jones Rd, Howell, MI 48855

# EXHIBIT NO: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

File No. 12-32264

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

Chapter 7

JUDGE DANIEL S. OPPERMAN

_____ Debtor/

## APPLICATION FOR APPROVAL OF EMPLOYMENT OF TINDALL LAW FIRM AS SPECIAL COUNSEL FOR THE ESTATE

TO THE HONORABLE DANIEL S. OPPERMAN, BANKRUPTCY JUDGE

Michael A. Mason, the Chapter 7 Trustee for the estate of Christopher D. Wyman (the "Trustee"), by his attorneys, Bernardi, Ronayne & Glusac, P.C., states:

1. That he is the duly appointed, qualified and acting Trustee in the above matter.

2. That one of the potential assets in this bankruptcy estate consists of possible avoidable transfers. Said claims arose prior to the filing of this bankruptcy estate and Attorney Michael E. Tindall and the Tindall Law Firm was pursuing avoidance of the transfers on behalf of Creditor Barbara Duggan and will continue to represent her in this bankruptcy proceeding, which may include the following:

    a.   Objections to the dischargeability of the debts owing to Ms. Duggan under 11 U.S.C. § 523(a).

    b.   Objections to discharge under 11 U.S.C. § 727.

    c.   Objections to Proofs of Claim.

    d.   Other actions that do not conflict with Attorney Michael E. Tindall and/or the Tindall Law Firm's duties and obligations as special counsel to the Trustee.

The aforementioned do not constitute an actual conflict of interest, and thus under 11 U.S.C. § 327(c) Attorney Michael E. Tindall and the Tindall Law Firm may be employed by the Trustee as his special counsel for the limited purposes of pursuing the avoidance of transfers. This representation as special counsel to Trustee shall not limit or restrict the ability of Attorney Michael E. Tindall or the Tindall Law Firm to continue to represent Creditor Barbara Duggan in this or any other court or proceeding. Michael E. Tindall and the Tindall Law Firm are duly qualified to practice law in the Courts of the State of Michigan.

1

12-32264-dof   Doc 63   Filed 07/16/12   Entered 07/16/12 15:27:09   Page 1 of 5

Livingston County Register of Deeds. 2018R-022732

12-32264-dof   Doc 402-3   Filed 12/12/2018   Entered 02/20/2018 14:03:51   Page 20 of 34

3. Because the Tindall Law Firm and Michael E. Tindall were pursuing avoidance of various transfers, pre-filing, the employment of the Law Firm would be in best interest of the Bankruptcy Estate and Applicant is therefore requesting authority to hire the Tindall Law Firm of Box 46564, Mount Clemens, MI 48046 (PH 313-838-7613) to represent the estate in these matters. Said law firm is willing to represent the bankruptcy estate with same to be compensated, pursuant to 11 U.S.C. 328 (a), as follows: The law firm will be reimbursed for its costs from any recovery and will be allowed a fee of one third (1/3) of any recovery after deducting all costs incurred, pre and post filing.

4. Other than representing Creditor Barbara Duggan in the pre-filing pursuit of the avoidance of various transfers and continuing to represent her in this bankruptcy proceeding, neither the Tindall Law Firm or any of its partners or associates have any other connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Further, the firm does not hold or represent any interest adverse to the Debtor or the estate with respect to this cause of action. The law firm is eligible to serve as counsel for the estate and the Trustee pursuant to the provisions of 11 USC 327 (a) and (c). Said law firm is a disinterested person within the meaning of 11 USC 101(14).

5. The law firm has been informed and understands that no settlement of the controversy insofar as it relates to the bankruptcy estate's interest in same may be consummated until after a notice and a hearing and approval by the Bankruptcy Court and that fees and costs may be paid only upon entry of a Bankruptcy Court order.

6. Said law firm is aware of the provisions of 11 USC 328(a) and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

WHEREFORE, the Trustee prays that his employment of the Tindall Law Firm as special counsel for the estate to represent it as provided above be approved.

BERNARDI, RONAYNE & GLUSAC, P.C.

Dated: July 16, 2012

/s/Rodney M. Glusac
Attorneys for Trustee
1058 Maple Street, Suite 100
Plymouth, MI 48170
(734) 416-1780
rodg@brgpc.com
(P43766)

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

_____ Debtor/

File No. 12-32264

Chapter 7

JUDGE DANIEL S. OPPERMAN

## DECLARATION OF DISINTERESTEDNESS OF THE TINDALL LAW FIRM

TINDALL LAW FIRM declares as follows:

1. The Tindall Law Firm is a law firm competent to represent the bankruptcy estate in relation to the matters described in the Trustee's application for its employment.

2. Other than representing Creditor Barbara Duggan in the pre-filing pursuit of the avoidance of various transfers, and its continued representation of her in continued state court proceedings, with Trustee on Objection in in re Gentry Case No. 09-36472, and, this bankruptcy proceeding, which may include the following:

    a.    Objections to the dischargeability of the debts owing to Ms. Duggan under 11 U.S.C. § 523(a).
    b.    Objections to discharge under 11 U.S.C. § 727.
    c.    Objections to Proofs of Claim.
    d.    Other actions that do not conflict with Attorney Michael E. Tindall and/or the Tindall Law Firm's duties and obligations as special counsel to the Trustee;

none of which constitute an actual conflict of interest, neither the Tindall Law Firm or any of its partners or associates have any other connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee. Further, the firm does not hold or represent any interest adverse to the Debtor or the estate with respect to this cause of action. The law firm is eligible to serve as counsel for the estate and the Trustee pursuant to the provisions of 11 USC 327 (e) and (c). Said law firm is a disinterested person within the meaning of 11 USC 101(14).

3. The Trustee's application to employ has been read by the Tindall Law Firm and the law firm agrees to accept said employment on the terms and conditions contained in the Trustee's Application.

It is declared under penalty of perjury that the foregoing is true and correct.

Dated: July 16, 2012

TINDALL LAW FIRM

Michael E. Tindall (P29090)
Box 46664
Mount Clemens, MI 48046
PH 313-638-7613
Email: met@comcast.net

Prepared by:
Michael A. Mason (P17185)
810 W. Court St., Flint, MI 48503, Phone (810) 234-9201, Email: masonlawoffice@sbcglobal.net

12-32264-dof   Doc 63   Filed 07/16/12   Entered 07/16/12 15:27:09   Page 4 of 5

Livingston County Register of Deeds,  2018R-022732
12-32264-dof   Doc 1273   Filed 12/28/18   Entered 05/26/26 13:38:10   Page 16 of 13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

_____ Debtor/

File No. 12-32264

Chapter 7

JUDGE DANIEL S. OPPERMAN

## ORDER APPROVING APPLICATION FOR EMPLOYMENT OF TINDALL LAW FIRM AS SPECIAL COUNSEL FOR THE ESTATE

Upon reading the Application of the Trustee for authority to employ the Tindall Law Firm as special counsel for the estate and it appearing that the employment by the estate of the law firm of the Tindall Law Firm is in the best interests of the bankruptcy estate, and upon reviewing the Declaration of Disinterestedness and the Court being fully advised:

IT IS HEREBY ORDERED that Michael A. Mason's employment of Michael E. Tindall and the Tindall Law Firm ("Firm") pursuant to 11 U.S.C. 327 on the terms and conditions contained in the Trustee's Application is approved.

IT IS FURTHER ORDERED that the Court may allow compensation different from the compensation provided in the Trustee's application if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of said terms and conditions and that any fees and costs will not be paid without prior Court approval.

Livingston County Register of Deeds, 2018R-022732

# EXHIBIT NO: 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of

CHRISTOPHER D. WYMAN
aka Chris Wyman, fdba CD Wyman,
fdba Wyman Excavating & Development
fdba Wyman Builder Services, fdba
Wyman Building Company

_____ Debtor/

File No. 12-32264

Chapter 7

JUDGE DANIEL S. OPPERMAN

## ORDER APPROVING APPLICATION FOR EMPLOYMENT OF TINDALL LAW FIRM AS SPECIAL COUNSEL FOR THE ESTATE

Upon reading the Application of the Trustee for authority to employ the Tindall Law Firm as special counsel for the estate and it appearing that the employment by the estate of the law firm of the Tindall Law Firm is in the best interests of the bankruptcy estate, and upon reviewing the Declaration of Disinterestedness and the Court being fully advised:

IT IS HEREBY ORDERED that Michael A. Mason's employment of Michael E. Tindall and the Tindall Law Firm ("Firm") pursuant to 11 U.S.C. 327 on the terms and conditions contained in the Trustee's Application is approved.

IT IS FURTHER ORDERED that the Court may allow compensation different from the compensation provided in the Trustee's application if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of said terms and conditions and that any fees and costs will not be paid without prior Court approval.

Signed on July 18, 2012

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

12-32264-dof   Doc 67   Filed 07/18/12   Entered 07/18/12 14:46:31   Page 1 of 1

Livingston County Register of Deeds. 2018R-022732
12-32264-dof   Doc 1923   Filed 12/20/18   Entered 02/20/28 13:38:19   Page 26 of 34
12-32264-dof   Doc 4073   Filed 06/13/23   Entered 02/20/28 13:38:19   Page 12 of 13

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO:  2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7

\

ORDER GRANTING TRUSTEE'S AMENDED MOTION FOR SALE OF
CERTAIN PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND
INTERESTS, AND TRANSFERRING LIENS ENCUMBRANCES AND
INTERESTS TO PROCEEDS OF SALE

This matter having come before this Honorable Court based upon the Trustee's
Amended Motion for Sale of Certain Property Free and Clear of Liens, Interests, and
Encumbrances with all Liens, Interests, and Encumbrances Transferring to the Proceeds
of Sale, DE 182; and, objection having been filed, DE 183, 184, 185, 186, 187 and 192;
and the Court being fully advised in the premises, and, for the reasons stated on the
record

**IT IS HEREBY ORDERED** that the Trustee shall be and is hereby authorized to
transfer the real property located at 101 1 Jones Road, Howell, Michigan, more fully
described as:

Part of the Southwest 1/4 of Section 24, Town 4 North, Range 4 East, and part of
the Northwest 1/4 of Section 25, Town 4 North, Range 4 East, Township of
Cohoctah, Livingston County, Michigan, described as follows:
Commencing at the Southwest corner of said Section 24, thence North 03 degrees
46 minutes 16 seconds West 1298.63 feet (previously recorded as North 00
degrees 45 minutes 00 seconds West 1298.33 feet), thence along the centerline of
Jones Road (66 foot wide Right of Way), North 88 degrees 04 minutes 34 seconds
East 183.87 feet (previously recorded as South 89 degrees 29 minutes 00 seconds
East 184.60 feet) to the Point of Beginning of the parcel to be described; thence
continuing along said line North 88 degrees 04 minutes 34 seconds East
(previously recorded as South 89 degrees 25 minutes 00 seconds East) 331.21
feet, thence South 01 degrees 58 minutes 26 seconds East 1324 84 feet, thence
South 88 degrees 10 minutes 34 seconds West 33 1.2 1 feet, thence North 01
degrees 58 minutes 26 seconds West 1324.26 feet to the point of beginning.
Subject to the rights of the public over the existing Jones Road.



free and clear of all liens, interests, and encumbrances including but not limited to the following:

> A.  real estate property taxes;
> B.  the Notice of Claim of Interest filed by Ms. Duggan;
> C.  the Notice of Claim of Interest filed by Michael E. Tindall;

which liens, interests and encumbrances shall, after payment of real estate taxes and expenses of sale, be and hereby are attached to the remaining proceeds of sale of the property and shall be held separate from the assets of the Bankruptcy estate, subject to said liens, interests and encumbrances, until further order of this Court.

**IT IS FURTHER ORDERED** that Trustee's Motion is granted and he is authorized to sell the real property located at 1011 Jones Road, Howell, Michigan, Tax Id No 470224300007, and, the machinery and equipment listed in DE 176, Addendum 1, No. 5. to Gentry Sales, Inc. for the gross sum of $65,000.00.

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay outstanding real estate taxes, tax prorations, transfer taxes, and normal closing costs charged to the Seller, and, Trustee shall serve a copy of the Final Closing Statement showing the full amount of net proceeds set aside with liens attached , with proof of service, upon each of the above listed secured claimants, within five (5) days after closing through the ECF System.

**IT IS FURTHER ORDERED** that SECURED CREDITOR'S MOTION AND BRIEF TO CONDITION SALE OF REAL PROPERTY ON FULL PAYMENT OF ALLOWED SECURED JUDGMENT LIEN UNDER 11 USC 363(E) AND FED. R. BANK. 4001(A)(1), DE 187, is denied

**IT IS FURTHER ORDERED** that the following Adversary Proceedings shall be and are hereby dismissed;

1)  12-3341- dof, Mason V Wyman,
2)  12-3340 - dof, Mason v. Gentry;
3)  12-3347- dof, Mason v. Gentry; and
4)  14-3017- dof, Mason v Gentry

March 13, 2019

*Daniel S. Opperman*

HONORABLE DANIEL S OPPERMAN
UNITED STATES BANKRUPTCY JUDGE

**IN RE CHRISTOPHER D. WYMAN**      **CASE NO: 12-32264**

**Debtor(s)**

# EXHIBIT NO: 3

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page No: 1

| | | |
|---|---|---|
| Case No.: | 12-32264 | |
| Case Name: | WYMAN, CHRISTOPHER D | |
| For the Period Ending: | 03/31/2026 | |

| | |
|---|---|
| Trustee Name: | Samuel D. Sweet |
| Date Filed (f) or Converted (c): | 05/24/2012 (f) |
| §341(a) Meeting Date: | 08/02/2012 |
| Claims Bar Date: | 02/17/2015 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA = § 554(a) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA) Gross Value of Remaining Assets |
| 1 | Cash | $45.00 | $0.00 | | $0.00 | FA |
| 2 | Checking account: First National Bank of Howell | $8.00 | $0.00 | | $0.00 | FA |
| 3 | Household goods and furnishings including: bed, dresser, dining set, couch, tables and a desk | $150.00 | $0.00 | | $0.00 | FA |
| 4 | Clothing | $150.00 | $0.00 | | $0.00 | FA |
| 5 | 1998 GMC Suburban (to be surrendered) | $400.00 | $0.00 | | $0.00 | FA |
| 6 | 2004 Chevrolet Silverado 2500 pickup (paid in full) | $2,600.00 | $0.00 | | $0.00 | FA |
| 7 | Miscellaneous hand tools/carpentry/mechanical | $2,250.00 | $0.00 | | $0.00 | FA |
| 8 | Three mixed breed dogs | $75.00 | $0.00 | | $0.00 | FA |
| 9 | 1979 Lawn tractor | $100.00 | $0.00 | | $0.00 | FA |
| 10 | Fraudulent Transfer/Preference Action against Michelle Pichler    (u) | Unknown | $332.76 | | $332.76 | FA |
| 11 | Fraudulent Transfer/Preference Action against Diana Gentry    (u) | Unknown | $0.00 | | $0.00 | FA |
| 12 | Real Property located at 1011 Jones Road, Howell, Michigan    (u) | $65,000.00 | $65,000.00 | | $65,000.00 | FA |
| 13 | Property Taxes    (u) | Unknown | $607.98 | | $607.98 | FA |

TOTALS (Excluding unknown value)

| | | | |
|---|---|---|---|
| $70,778.00 | $65,940.74 | | |

Gross Value of Remaining Assets

| | |
|---|---|
| $65,940.74 | $0.00 |

**Major Activities affecting case closing:**

03/31/2026   Trustee filed a Motion to Fix Attorney Fees and Set Hearing for Sanctions on Michael Tindall for fraud on the Bankruptcy Court. The Court entered an Order holding all matters in abeyance until a mandate is issued and the period elapses for the filing of a writ of certiorari to the US Supreme Court as the BK Court lacks jurisdiction over the matters pending and stays any further filings and actions until the expiration of any appeal periods.

12/23/2025   Court of Appeals denied Appeal of Michael Tindall. Trustee has filed a Motion to Fix Attorney Fees and Set Hearing for Sanctions on Michael Tindall for fraud on the Bankruptcy Court.

09/30/2025   There is an Appeal by Mr. Tindall at the 6th Circuit Court of nearly every order entered in this case. Trustee is currently waiting for a ruling.

03/31/2025   There is an Appeal by Mr. Tindall at the 6th Circuit Court of nearly every order entered in this case. Trustee is currently waiting for a ruling.

03/31/2024   The Trustee is ready to close this case and currently is waiting for Mr. Tindall to exhaust all efforts in trying to obtain an Order for additional fees in this case and once this happens the Trustee will begin closing this case. The Trustee is hopeful that this matter will be resolved no later than 12/31/2024.

03/31/2023   The Trustee is ready to close this case and currently is waiting for Mr. Tindall to exhaust all efforts in trying to obtain an Order for additional fees in this case and once this happens the Trustee will begin closing this case. The Trustee is hopeful that this matter will be resolved no later than 12/31/2023.

03/31/2022   Court ruled the Trustee did not violate his fiduciary duty and the claim of Duggan was paid. The Trustee is waiting on the Judge to rule on the Fee App of Mr. Tindall.

03/31/2021   Court ruled the Trustee did not violate his fiduciary duty and the claim of Duggan was paid.

03/31/2020   Trustee is currently attempting to resolve claims in this case.

03/31/2019   Trustee settled the Adversary Proceeding with Ms. Diana Gentry and has filed several Motions which he is hoping will bring this case to a head and allow him to sell the real property in this matter.

03/31/2018   Trial is set in this matter for 6/11/2018 and Trustee is currently working on a settlement of the Adversary Proceeding with Mr. Diana Gentry which Trustee is hoping will resolve all claims in this matter. Trustee is hoping to close First Property in this matter at later date.

*Ex 3*

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

Page No: 12

| Case No. | 12-32264 | | Trustee Name: | Samuel D. Sweet |
| Case Name: | WYMAN, CHRISTOPHER D | | Bank Name: | Pinnacle Bank |
| Primary Taxpayer ID #: | **-***3162 | | Checking Acct #: | ******0004 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | DDA |
| For Period Beginning: | 04/01/2024 | | Blanket bond (per case limit): | $2,000,000.00 |
| For Period Ending: | 03/31/2025 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran Code | 5 Deposit $ | 6 Disbursement $ | 7 Balance |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref.# | Paid to/ Received From | Description of Transaction | | | | |

| | | TOTAL - ALL ACCOUNTS | | | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|---|---|---|
| | | | | | $359.94 | ($29,751.99) | $30,111.93 |

**For the period of 04/01/2024 to 03/31/2025**

| | |
|---|---|
| Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $372.49 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $372.49 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the account between 10/25/2017 to 3/31/2025**

| | |
|---|---|
| Total Compensable Receipts: | $65,940.74 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $65,940.74 |
| Total Internal/Transfer Receipts: | $7,793.18 |
| | |
| Total Compensable Disbursements: | $35,828.81 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $35,828.81 |
| Total Internal/Transfer Disbursements: | $7,793.18 |

/s/ SAMUEL D. SWEET

SAMUEL D. SWEET

**IN RE CHRISTOPHER D. WYMAN**     **CASE NO: 12-32264**

Debtor(s)

# EXHIBIT NO: 5

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC  20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

May 4, 2026

Mr. Michael E. Tindall
18530 Mack Ave.
Ste. 430
Detroit, MI  48236

Re:   In Re Michael E. Tindall
No. 25-1043

Dear Mr. Tindall:

The Court today entered the following order in the above-entitled case:

The petition for a writ of mandamus is denied.

Sincerely,

Scott S. Harris, Clerk